RAJ V. ABHYANKER, California SBN 233284
Email: raj@legalforcelaw.com

LEGALFORCE RAPC WORLDWIDE, P.C.
1580 W. El Camino Real, Suite 10
Mountain View, CA 94040
Telephone:  (650) 965-8731
Facsimile:  (650) 989-2131

Pro Se Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAJ ABHYANKER.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES PATENT & TRADEMARK OFFICE,<br><br>　　　　Defendant. | Case No.: 5:23-cv-746<br><br>**COMPLAINT FOR:**<br><br>1. DECLARATORY JUDGMENT ACT, DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 et. seq.<br><br>**BENCH TRIAL REQUESTED** |

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to the FOIA, 5 U.S.C. §552(a)(4)(B), 28 U.S.C. § 1331.

2. Venue properly lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e) and 1402(a)(2), as Plaintiff's principal place of business is in this state.

3. FOIA provides that this Court may issue a declaratory judgment, provide injunctive relief from withholding records and to order production of such records, and grant other equitable relief as the Court may deem just and proper. 5 U.S.C. § 552(a)(4)(B); *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) ("The FOIA imposes no limits on courts' equitable powers in enforcing its terms.") (*citing Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 19-20 (1974) ("With the express vesting of equitable jurisdiction in the district court by § 552(a), there is little to suggest, despite the Act's primary purpose, that Congress sought to limit the inherent powers of an equity court.")).

4. This Court has jurisdiction to hear this claim, as Plaintiff has exhausted its administrative remedies through the USPTO's failure to respond within 20 working days (or 30 working days if the ten day extension was properly invoked) as required by law. 5 U.S.C.§ 552(a)(6)(A)(i). Under FOIA, requesters "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions . . . ." 5 U.S.C. § 552(a)(6)(C)(i).

5. This Court may award attorney fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

**PARTIES**

**Plaintiff**

6. Raj Abhyanker is an individual residing in this District, with a principle place of business at 1580 West El Camino Real, Suite 10, Mountain View California 94040.

**Defendant**

7. The USPTO is a branch of the United States Department of Commerce ("DOC") with a stated mission to foster innovation, competitiveness and economic growth, domestically and abroad by delivering high quality and timely examination of patent and trademark applications, guiding domestic and international intellectual property policy, and delivering intellectual property information and education worldwide, with a highly-skilled, diverse workforce. The USPTO's principal place of business located at 600 Dulany Street, Alexandria, VA 22314 with a Silicon Valley office located at 26 South 4th Street, San Jose, CA 95112. The USPTO is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession of, and exerts control over, records responsive to Plaintiff's FOIA request to it.

## STATEMENT OF FACTS

**Plaintiff's FOIA Request**

8. On Wednesday, June 1, 2022, Plaintiff filed a Freedom of Information Act ("FOIA") request with the OED with respect Plaintiff under FP-22-00010. The requests were narrowly tailored specifically requesting only information related to the Plaintiff. (can be filed under seal if requested). Defendant sent an acknowledgement of this request (**Exhibit 1**). The letter initially stated that "[t]he Agency expects to send its response to this request no later than Wednesday, June 29, 2022." *Id.* However, after numerous back and forth communications through August 11, 2022, and across different FOIA officers, no response was received (**Exhibit 2).** When Plaintiff again inquired in Februay 2023, no response or rationale was provided for the over 8 months day. Plaintiff was shuffled between FOIA officers Karon Seldon, Dorothy G. Campbell, Louis Boston, and Traci Alexander regarding the status of the request. *Id.* No explanation or production was ever provided to Plaintiff despite numerous requests, even as late as February 15, 2023.

## FIRST CAUSE OF ACTION

(FOIA – Failure to Conduct an Adequate Search for Records)

9. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has exhausted all administrative remedies with respect to this FOIA request.

10. Plaintiff has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(C), to an adequate search for the records it requested and to the release of any non-exempt records identified in that adequate search. No legal basis exists for the USPTO's failure to search adequately for the records Plaintiff seeks.

### SECOND CAUSE OF ACTION

(FOIA – Failure to Disclose Responsive Records)

11. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has exhausted all administrative remedies with respect to this FOIA request.

12. Plaintiff has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the records it requested, and there is no legal basis for the USPTO's failure to disclose the unproduced records in full and the portions of produced records that were withheld under exemption 5.

13. FOIA also requires agencies to release "[a]ny reasonably segregable portion of a record," 5 U.S.C. § 552(b), and the USPTO has not fulfilled its segregability obligation.

### CLAIM FOR RELIEF

14. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

15. Plaintiff has a legal right under FOIA to obtain the specific agency records sought in the Requests, and Defendant's failure to promptly make the requested records available to Plaintiff has no legal basis.

16. Defendant's failure to determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after receipt whether to comply with the Request directed to it violates FOIA, 5 USC § 552(a)(6)(A)(i), and applicable regulations promulgated thereunder.

17. Defendant's failure to conduct a reasonable search for the records responsive to the Requests and to promptly make them available violates FOIA, 5 U.S.C. § 552(a)(3), and applicable regulations promulgated thereunder.

18. The failure of Defendant to process as soon as practicable the Requests, which were granted expedited processing, violates FOIA, 5 U.S.C. § 552(a)(6)(E)(iii) and applicable regulations promulgated thereunder.

19. This delay is unreasonable in light of the fact that the records Plaintiff is requesting are possessed by the USPTO and readily accessible by the USPTO.

20. Plaintiff is unable to obtain the requested records directly from alternate sources because the requested materials are in the sole custody of the USPTO.

21. The USPTO's disregard of its duty to release the documents requested has harmed and will continue to harm Plaintiff until the USPTO is compelled to comply with FOIA.

22. On information and belief, Defendant currently has possession, custody or control of the requested records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests relief as follows:

1. Enjoin the USPTO from withholding the requested documents;
2. Declare that the USPTO violated FOIA by unlawfully withholding the requested records;
3. Order that the USPTO to undertake an additional search for responsive records;
4. Order the USPTO to conduct a reasonable search for the requested records and to disclose them to Plaintiff in their entireties and on an expedited basis;
5. Order the USPTO to make the requested records available to Plaintiff at no cost and without delay;
6. Award Plaintiff costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E);
7. Retain jurisdiction to ensure compliance with the Court's decree; and
8. Grant other such relief as the Court may deem just and proper.

Respectfully submitted this Saturday February 18, 2023.

LEGALFORCE RAPC WORLDWIDE P.C.

/s/ Raj V. Abhyanker
Raj V. Abhyanker
Attorneys for Plaintiff:
LegalForce RAPC Worldwide, P.C.

**BENCH TRIAL REQUESTED**

Plaintiff hereby requests a bench trial for the declaratory relief alleged in this Complaint.

Respectfully submitted this Saturday February 18, 2023.

                     LEGALFORCE RAPC WORLDWIDE P.C.

                     By  /s/ Raj V. Abhyanker
                     Raj V. Abhyanker
                     Attorneys for Plaintiff:
                     LegalForce RAPC Worldwide, P.C.